**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Michael Palcher,<br><br>                     Debtor. | C/A No. 17-03938-HB<br><br>Chapter 13<br><br>**ORDER OVERRULING TRUSTEE'S OBJECTION TO CONFIRMATION** |

      **THIS MATTER** came before the Court to consider confirmation of the Chapter 13 Plan of Debtor Michael Palcher[1] and the Objection thereto filed by Gretchen Holland, Chapter 13 Trustee.[2] The Objection asserts Palcher's plan does not satisfy the requirements of 11 U.S.C. § 1325(b). The parties ask the Court to determine "[w]hether the Social Security income paid to a non-debtor, who is not the debtor's spouse or child or a child of debtor's spouse, is includable in the calculation of a debtor's net projected disposable income, and, if so, whether the failure to do so is an indicator that debtor has not proposed the plan in good faith."[3] For the reasons discussed below, the Court finds that on the facts of this case, the Social Security income relevant here is not includable in the calculation of debtor's net projected disposable income.

**FACTS**

      Palcher filed a Chapter 13 petition, Schedules and Statements, and a plan on August 7, 2017. On that same day, his mother Loretta Joyce Palcher ("Mother"), also filed for Chapter 13 relief.[4] Palcher and Mother share a residence, and Mother is the co-debtor for almost all of his secured debts (including the mortgage on their co-owned real estate/residence and the second mortgage/line of credit on that property). All income sources, including Social Security, are

---

[1] ECF No. 2, filed Aug. 7, 2017.
[2] ECF No. 15, filed Dec. 5, 2017.
[3] ECF No. 14, filed Nov. 28, 2017.
[4] C/A No. 17-03939-hb.

1

adequately disclosed in both bankruptcy cases. Palcher and Mother deposit their income in a joint account and pay expenses from that account.

Palcher's Schedule J indicates Mother is eighty-three (83) years old. That schedule includes total monthly household expenses of $3,859.00. The expenses are not excessive and the Court cannot determine, nor did Trustee argue, that any expense would be lower if scheduled for a household of one. Schedule I lists Palcher's income and also indicates Mother's income of approximately $1,785.00, of which $1,502.00 is income from Social Security. Mother's Chapter 13 plan was confirmed on October 13, 2017, and requires monthly payments of $200.00 for 60 months in addition to the scheduled expenses mentioned above. Her plan does not commit this payment to any specific secured or priority debt, so it appears the funds will be paid to her unsecured creditors. Palcher proposes monthly Chapter 13 plan payments of $290.00 for 60 months, with $143.00 or more of this amount paid to a debt secured by the household car.[5] Palcher's plan states that he is current on the mortgage payments and that he will pay less than 100%. Trustee estimates a distribution to Palcher's unsecured creditors of approximately 6.7%.

Palcher completed and filed Official Forms 122C-1 and 122C-2 (collectively, "Disposable Income Test"). Although disclosed and included on Schedule I, Palcher did not include Mother's Social Security income in the Disposable Income Test. Palcher calculated his expenses based on guidelines for a household size of two. Because his income was above-median for a household of that size in South Carolina, in order to complete the Disposable Income Test, Palcher utilized the National and Local Standards issued by the Internal Revenue Service to determine certain deductible expense amounts. *See* 11 U.S.C. §§ 707(b)(2) & 1325(b)(3). Palcher's end result is a monthly deficit of $645.50. Although negative, Palcher's plan proposes payment to unsecured

---

[5] The proof of claim indicates this is a 2013 Ford Explorer, with a secured claim of $7,496.65 owed by Palcher.

claims. Trustee recalculated Palcher's figures and asserts his monthly projected disposable income should be $1,109.11 after including Mother's Social Security income.[6]

### DISCUSSION

Section 1325(b)(1) provides:

> [i]f the trustee . . . objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –
> . . . .
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). "Projected disposable income" is not defined by the Bankruptcy Code. However, it has been established that projected disposable income should be calculated based on "disposable income," using a "forward-looking approach" where "courts may take into account known or virtually certain changes to debtors' income or expenses when projecting disposable income." *Hamilton v. Lanning*, 560 U.S. 505, 517, 130 S. Ct. 2464, 2474, 177 L. Ed. 2d 23 (2010).

In the Chapter 13 context, "disposable income" "means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended . . . for the maintenance or support of the debtor or a dependent of the debtor . . ." 11 U.S.C. § 1325(b)(2). Calculation of disposable income, therefore, starts with a determination of a debtor's current monthly income. "[C]urrent monthly income . . . includes any amount paid by any entity other than the debtor . . . on a regular basis for the household expenses of the debtor or the debtor's dependents . . . but excludes benefits received under the Social Security Act . . ." 11 U.S.C. § 101(10A)(B).

Courts have consistently excluded Social Security income from the calculation of current monthly income and disposable income as the language of the statute requires. *See Mort Ranta v.*

---

[6] Both Palcher and Trustee's calculations deduct Mother's Chapter 13 plan payment and account for Palcher's decrease in income.

3

*Gorman*, 721 F.3d 241, 251 (4th Cir. 2013) ("Because the Code expressly excludes Social Security income from the 'current monthly income,' and thus, 'disposable income,' it follows that Social Security income must also be excluded from 'projected disposable income.'"); *In re Ragos*, 700 F.3d 220, 226 (5th Cir. 2012) ("Part of the BAPCPA's revision included the modification of the definition of 'current monthly income' in 11 U.S.C. § 101(10A)(A) – the starting point for projected disposable income – to explicitly exclude social security benefits.  We consider this a 'clear indication that Congress intended . . . a departure' from the practice of including social security benefits in projected disposable income" (citations omitted)); *In re Miller*, 445 B.R. 504, 507-08 (Bankr. D.S.C. 2011).  Mother's Social Security income cannot be considered for purposes of Palcher's Disposable Income Test.

Although the Trustee has not asserted that any expense claimed by Palcher is unreasonable, it would seem to follow that if Mother's Social Security income is excluded from Palcher's calculation then her expenses should also be excluded.[7]  However, case law instructs otherwise:

> the Code now requires above-median income debtors to use the "means test" – a statutory formula for determining whether a presumption of abuse arises in Chapter 7 cases – when calculating the "amounts reasonably necessary to be expended" for the debtor's maintenance or support.  As a result, only certain specified expenses are included in the above-median income debtor's "amounts reasonably necessary" for maintenance or support.

*Id.* (internal citations omitted).  Section 707 specifies which expenses may be deducted from an above-median debtor's current monthly income to determine his or her disposable income:

> (I) The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. Such expenses shall include reasonably necessary health

---

[7] Trustee's pleadings suggest some calculation adjustments but did not point out any unreasonable expenses.

4

> insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the debtor, or the dependents of the debtor.
>
> (II) In addition, the debtor's monthly expenses may include, if applicable, the continuation of actual expenses paid by the debtor that are reasonable and necessary for care and support of an elderly, chronically ill, or disabled household member or member of the debtor's immediate family (including parents, grandparents, siblings, children, and grandchildren of the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case who is not a dependent) and who is unable to pay for such reasonable and necessary expenses. Such monthly expenses may include, if applicable, contributions to an account of a qualified ABLE program to the extent such contributions are not excess contributions (as described in section 4973(h) of the Internal Revenue Code of 1986) and if the designated beneficiary of such account is a child, stepchild, grandchild, or stepgrandchild of the debtor.

11 U.S.C. § 707(b)(2)(A)(ii)(I) – (II).

Courts have examined the term "dependent" found in § 707 as it is interchanged with other words of similar meaning throughout the Code. One such term, "household," is determined by use of the economic unit approach. *Johnson v. Zimmer*, 686 F.3d 224, 240 (4th Cir. 2012).[8]

> Under the "economic unit" approach, a debtor's household includes all individuals, regardless of relationship, whom "the debtor financially supports and those who financially support the debtor. In other words, those whose income and expenses are inter-dependent with the debtor's are part of his or her 'household' for purposes of § 1325(b)."

*In re Brown*, 546 B.R. 642, 646 (Bankr. E.D.N.C. 2016) (quoting *Johnson*, 686 F.3d at 237). The Fourth Circuit found this approach yields the most accurate method for determining the number of members in a debtor's household. *Johnson*, 686 F.3d at 240 ("[T]he economic unit approach

---

[8] The Fourth Circuit explains:
> At various times, both §§ 1325(b) and 707(b) refer alternatively to a debtor's "dependents," "dependent child[ren]," "household," "family," and "immediate family." . . . in order to understand what Congress meant by each of these undefined terms, they must be understood in context and in light of each other. Our interpretation of "household" – one of the first of these terms used in a Chapter 13 debtor's calculation of his or her disposable income – will impact how these other terms are understood as well.
>
> In sum, a debtor's entire § 707(b) means test calculation will be affected by the threshold determination of how many people are part of her "household," as determined for purposes of § 1325(b).

*Johnson*, 686 F.3d at 230.

5

affords bankruptcy courts the ability to calculate a debtor's disposable income under § 1325(b) in a way that satisfies the language of the Code, all the while steering clear or creating an unrealistic assessment . . . of the debtor's disposable income.").

Palcher claimed a household size of two, including Mother. Reviewing the facts of this case and applicable case law, considering the joint debts, assets, and financial accounts, and the facts indicating Palcher and Mother function jointly as a single financial unit, the Court can find no error in that household size. A careful review of *Johnson v. Zimmer* seems to instruct that if the individual is a member of a debtor's "household," that person's reasonable expenses may be deducted pursuant to § 707. On these facts, the Court can find no reason to treat this household, its income, or its expenses differently under the Disposable Income Test than when Social Security income is received by the debtor, his spouse, his child, or a child of the debtor's spouse. Therefore, the Court finds that on the facts of this case, Mother's Social Security income is not includable in the calculation of Palcher's projected disposable income.

Trustee raised arguments regarding a lack of good faith. It is true that the calculation provided by the Disposable Income Test departs from reality here because, although Mother's expenses are included in Palcher's calculations, a substantial portion of her income cannot be counted. However, this is often true when determining disposable income under §§ 707 and 1325 due to the application of standard expenses and arbitrary rules imposed by the Bankruptcy Code. This fact alone is not enough to warrant an in-depth good faith analysis.[9]

---

[9] *See In re Johnson*, 438 B.R. 854, 857 (Bankr. D.S.C. 2010) ("When engaging in a [good faith] analysis, courts often consider a number of factors, including: (1) the percentage of repayment creditors will receive; (2) the financial situation of the debtor; (3) the period of time over which creditors will receive payment; (4) the employment history and current and future employment prospects of the debtor; (5) the nature and amount of unsecured claims; (6) any previous bankruptcy filings of the debtor; (7) the honesty of the debtor in disclosing the facts of his case; (8) the nature of the debtor's pre-petition conduct giving rise to the case; (9) the dischargeability of the debtor in a chapter 7; and (10) any other extraordinary or unusual problems of the debtor.") (citations omitted).

**IT IS, THEREFORE, ORDERED** that the Trustee's Objection is overruled. The Trustee shall make a recommendation to the Court regarding confirmation consistent with this Order.

**FILED BY THE COURT**
**01/16/2018**



_____
US Bankruptcy Judge
District of South Carolina

Entered: 01/17/2018